OPINION
{¶ 1} Defendant-appellant, Brian A. Johnson, pled guilty to two counts of child endangering in violation of R.C. 2919.22, both felonies in the third degree, and was sentenced to four years imprisonment on each count, to be served consecutively. Defendant now appeals from his conviction. For the following reasons, we reverse and remand for resentencing.
 {¶ 2} On August 31, 1999, defendant was indicted on one count of felonious assault in violation of R.C. 2903.11, a felony in the second degree, and one count of child endangering in violation of 2919.22, a felony in the third degree. Both counts stemmed from the allegation that, on May 5, 1999, defendant physically harmed a 16-month-old child. Doctors at Children's Hospital indicated that the child's injuries were caused by blunt force trauma, possibly by an adult hand or fist. Defendant was the only person with access to the child at the time the Children's Hospital doctors determined the child sustained his injuries.
 {¶ 3} To avoid the imposition of the maximum sentence, defendant entered an Alford plea to "the stipulated lesser included offense of count one[,] to wit: Endangering Children, a violation of 2919.22 R.C. an [F-3] and to count two of the indictment[,] to wit: Endangering Children, a violation of 2919.22 R.C. an F-3." (See Entry of Guilty Plea.) Defendant did not reach an agreement with the prosecutor for a fixed sentence, nor was there a joint recommendation as to a sentence.
 {¶ 4} After the trial court accepted defendant's guilty plea, defendant attempted to withdraw his plea. Because defendant advanced no reasonable and legitimate basis for the withdrawal of his plea, the trial court denied his request. On September 15, 2000, the trial court issued a judgment entry, sentencing defendant to a four-year term of imprisonment on each count to be served consecutively.
 {¶ 5} Defendant appealed his conviction to this court, arguing that the trial court's refusal to allow the withdrawal of his guilty plea was reversible error and deprived him of his due process rights. After considering the merits of defendant's argument, this court affirmed the judgment of the trial court.
 {¶ 6} On September 17, 2001, defendant filed an application to reopen his direct appeal pursuant to App.R. 26(B). This court granted defendant's application and he then filed this appeal.
 {¶ 7} On appeal, defendant assigns the following errors:
 {¶ 8} "1. The defendant was deprived of the effective assistance of counsel by counsel's failure to object to multiple sentences which violated Section 2941.25, Ohio Revised Code (allied offenses of similar import) and the Double Jeopardy Clauses of the United States and Ohio Constitutions.
 {¶ 9} "2. The trial court committed plain error by entering judgments of conviction and sentencing the defendant to consecutive prison terms for two identical offenses that constitute allied offenses of similar import and for which multiple punishments violate the Double Jeopardy prohibitions of the Ohio and United States Constitutions.
 {¶ 10} "3. The trial court erred in imposing consecutive sentences without making the findings required by O.R.C. Section 2929.14(E)(4)."
 {¶ 11} We begin by addressing defendant's second assignment of error. Defendant acknowledges that, because he failed to argue that his conviction violated double jeopardy in the trial court, this argument is forfeited unless it constitutes "plain error." See Crim.R. 52(B) ("plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court"). See, also, State v. Hill (2001), 92 Ohio St.3d 191, 196. In order to find plain error, an appellate court must determine that: (1) there was a deviation from the legal rule; (2) there was an obvious defect in the trial proceedings; and (3) the resulting error affected "substantial rights." State v. Barnes (2002), 94 Ohio St.3d 21, 27. Even if an appellate court notices plain error, it is not required to correct it. Id. Indeed, plain error should be noticed and corrected "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 12} Defendant argues that the trial court committed plain error by sentencing him to two consecutive four-year prison terms for one incident. Defendant asserts that this sentence punishes him twice for a single criminal act in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions.
 {¶ 13} The United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Amendment V, United States Constitution. Likewise, the Ohio Constitution prohibits placing persons "twice * * * in jeopardy for the same offense." Section 10, Article I, Ohio Constitution. These constitutional proscriptions against double jeopardy afford defendants three basic protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. Ohio v. Johnson (1984), 467 U.S. 493, 498, 104 S.Ct. 2536. The third component of double jeopardy — the one at issue here — prevents a sentencing court from prescribing greater punishment than the legislature intended. Id. See, also, Missouri v. Hunter (1983), 459 U.S. 359, 366,103 S.Ct. 673; State v. Rance (1999), 85 Ohio St.3d 632, 635. Consequently, in determining whether a punishment is "multiple," a reviewing court must be guided by legislative intent. State v. Childs, 88 Ohio St.3d 558, 561,2000-Ohio-425 ("the real question is one of legislative intent, to be ascertained from all the data available").
 {¶ 14} In Ohio, the General Assembly has expressed its intent regarding this issue in R.C. 2941.25, which states:
 {¶ 15} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, * * * the defendant may be convicted of only one [offense].
 {¶ 16} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, * * * the defendant may be convicted of all of [the offenses]."
 {¶ 17} Thus, when the elements of offenses at issue correspond to such a degree as to constitute the same offense, a court may not convict the defendant of both offenses. Rance, supra, at 636; Childs, supra, at 561; State v. Thomas (1980), 61 Ohio St.2d 254, 260, overruled on other grounds; State v. Crago (1990), 53 Ohio St.3d 243. Notably, in this context, "conviction" means a judgment of conviction, which consists of a verdict or finding of guilty and the sentence imposed. Crim.R. 32(C). See, also, State v. McGuire (1997), 80 Ohio St.3d 390, 399. Consequently, R.C. 2941.25 is violated when a defendant is found guilty of and sentenced for multiple "allied offenses of similar import." State v. Hike (June 29, 1999), Franklin App. No. 98AP-1126.
 {¶ 18} Here, defendant was initially indicted for two offenses of dissimilar import — felonious assault and child endangering. See State v. Cudgel (Mar. 9, 2000), Franklin App. No. 99AP-532 (concluding "that felonious assault and child endangering as proscribed under R.C.2919.22[A] are not allied offenses of similar import"); State v. Klein (Dec. 3, 1999), Hamilton App. No. C-990066 ("the elements of felonious assault and child endangering, when compared in the abstract, reveal that the offenses are not allied within the meaning of R.C. 2941.25"). Thus, if defendant had been convicted of the charges in the indictment, his conviction would not have violated R.C. 2941.25.
 {¶ 19} However, defendant pled guilty to and was sentenced for two counts of the same offense — child endangering, a violation of R.C. 2612.22. Given that the offenses of which defendant was convicted are identical, these two offenses are necessarily "allied offenses of similar import." Consequently, because the same act provides the grounds for the defendant's conviction for two allied offenses, his conviction runs afoul of R.C. 2941.25 and the Double Jeopardy Clauses of the United States and Ohio Constitutions.
 {¶ 20} The state, however, asserts that the offense of child endangering, as set out in R.C. 2919.22(A), and the offense of child endangering, as set out in R.C. 2919.22(B)(2), are not allied offenses. See State v. Smathers (Dec. 20, 2000), Summit App. No. 19945. Therefore, the state argues that defendant's conviction for two counts of child endangering does not violate the constitutional proscription against double jeopardy. We reject this argument. Even assuming that the state's assertion that R.C. 2919.22(A) and (B)(2) are not allied offenses is correct, the state's argument must fail because defendant was not indicted for violating any particular subsection of R.C. 2912.22, defendant did not plead to, and the trial court did not convict defendant under any particular subsection of R.C. 2912.22. Indeed, the trial court found defendant guilty of and sentenced him for the generic offenses of "Endangering Children in violation of R.C. 2912.22, a Felony of the Third degree." Because the judgment does not distinguish between the two offenses of which defendant was convicted, we must conclude that defendant was convicted of two identical offenses.
 {¶ 21} Therefore, we find that defendant was punished twice for the same offense in violation of R.C. 2941.25, the Double Jeopardy Clauses of the United States and Ohio Constitutions. Pursuant to R.C.2941.25, the two offenses to which defendant pled should have been merged prior to sentencing. Further, we conclude that defendant's conviction for both counts of child endangering constituted plain error. Defendant's unconstitutional conviction amounts to a deviation from the legal rule and an obvious defect in the trial proceedings. Also, because defendant must serve an additional four years as a result of the claimed error, defendant's "substantial rights" were affected. Accordingly, we sustain defendant's second assignment of error.
 {¶ 22} Because we must remand this case for resentencing due to the existence of plain error, the remainder of defendant's assignments of error are moot. Therefore, we sustain defendant's second assignment of error, overrule the remainder of defendant's assignments of error as moot, reverse the judgment of the Franklin County Court of Common Pleas and remand for resentencing in accordance with law.
Judgment reversed, and case remanded.
LAZARUS and BROWN, JJ., concur.